IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

REGINA LYNN WILSON                                    PLAINTIFF

V.                              NO. 12-5073

MICHAEL J. ASTRUE,[1]
Commissioner of the Social Security Administration          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Regina Lynn Wilson, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the

Social Security Act (Act).  In this judicial review, the Court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

## I.    Procedural Background:

Plaintiff protectively filed her applications for DIB and SSI on July 9, 2009, alleging an

inability to work since May 18, 2009, due to breast cancer, headaches, "female problems,"

trouble sleeping, and back, hip and foot pain.  (Tr. 100, 120, 124).  Plaintiff met the insured

requirement through June 30, 2009.  (Tr. 120). An administrative hearing was held on May 20,

2010, at which Plaintiff appeared with counsel and testified.  (Tr. 22-41).

---

[1] Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

By written decision dated September 17, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - back disorder (degenerative disc disease) and malignant neoplasm of the breast (ductal cell carcinoma in situ, status post lumpectomy and radiation therapy). (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except as follows: The claimant can occasionally lift and/or carry ten pounds and frequently less. She can sit for six hours and can stand and/or walk for two hours in an eight-hour workday. She can occasionally climb, balance, crawl, kneel, stoop, crouch, and work overhead.

(Tr. 13). With the help of a vocational expert (VE), the ALJ determined Plaintiff was unable to perform past relevant work, but was capable of performing other jobs, such as clerical worker, machine tender, and assembler. (Tr. 16).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on March 15, 2012. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

AO72A
(Rev. 8/82)

II.     **Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

AO72A
(Rev. 8/82)

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.    Discussion:**

Plaintiff argues that the ALJ erred when he failed to consider the effect of Plaintiff's impairments with Plaintiff's obesity. (Doc. 8 at p. 4).

In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'" (Tr. 11). He also stated that an impairment or combination of impairments was "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (Tr. 11). The ALJ also stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments " meets or medically equals the criteria of an impairment listed in the relevant listings. (Tr. 11). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments,

-4-

including Plaintiff's obesity.  See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney

v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

In addition, contrary to Plaintiff's argument, the ALJ did address obesity in combination

with Plaintiff's other impairments.

> Considered individually, or in combination with the claimant's other
> impairments consistent with SSR 02-1p, the medical evidence of record
> is no5t attended with the specific clinical signs and diagnostic findings
> pertaining to obesity meeting, or medically equaling in severity, as
> defined in 20 CFR § 404.1526, an impairment set forth in the Listing of
> Impairments in 20 CFR Part 404, Subpart P, Appendix I. The medical
> evidence does not document conditions arising from obesity that affect
> other body systems or prevent the claimant from sustaining a reasonable
> walking pace over a sufficient distance or using the upper extremities
> effectively to be able to carry out activities of daily living. The condition
> has no more than a minimal effect on the claimant's ability to do basic
> work activities and is therefore non-severe consistent with SSR 85-28.

(Tr. 13).

Plaintiff generally alleges that the ALJ looked "only at the handful of individual

impairments which he had improperly determined were her only valid issues and decided one

by one that none of them were enough to merit a finding of disability."  (Doc. 8 at p. 5).

However, a review of the record and the ALJ's decision reveals otherwise.  With respect to

Plaintiff's breast cancer, on September 25, 2009, Dr. Arnold Smith, of Highlands Oncology

Group, reported that Plaintiff had completed her postoperative radiation therapy and had "done

well without notable complications from treatment."  (Tr. 299).  With respect to her back pain,

the record reflects that Plaintiff did not complain of back pain until March 10, 2010, after her

date last insured, when she saw Dr. Mark A. Bonner at FirstCare South.  (Tr. 318).  In fact,

Plaintiff's chief complaints to Dr. Bonner at that time were back pain, acid reflux, breast cancer -

AO72A
(Rev. 8/82)

"the problem is stable" (Tr. 318); and muscle cramps - bilateral feet/legs.  (Tr. 318).  As late as September 10, 2009, other than some mild erythema of her skin throughout the radiation treatment region, Plaintiff had no other issues or complaints.  (Tr. 288).

With respect to Plaintiff's argument that the ALJ should have ordered a consultative examination to determine the effect of Plaintiff's obesity on her overall condition, the Court finds it to be without merit.  As noted by Defendant, Plaintiff did not allege obesity as a disabling condition or testify about any effects of obesity.  Nor is there any indication that any physician placed any limitations on Plaintiff because of her obesity.  There was sufficient medical evidence in this case for the ALJ to make a determination.

Accordingly, there is substantial evidence to support the fact that the ALJ considered Plaintiff's impairments, singly and in combination, including obesity, and to support his findings..

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed.  The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 26th day of March, 2013.


/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-6-